UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
                              :
v.                            :    CRIM. NO. 3:94CR38(AWT)
                              :
MELVIN POINDEXTER             :
                              :
                              :
------------------------------x
```

**ORDER RE MOTION TO MODIFY SENTENCE**

    Defendant Melvin Poindexter has filed an emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons set forth below, the defendant's Motion to Modify Sentence (ECF No. 332) is hereby DENIED without prejudice.

    First, as a threshold matter, Section 3582(c)(1)(A) requires that

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  The defendant maintains that extraordinary circumstances arising out of the COVID-19 pandemic make it appropriate for the court to waive the exhaustion requirements. However, the court has concluded that it cannot waive the exhaustion requirement (See Case No. 3:16-cr-00174-AWT-3, <u>United States v. Marcus Tyson</u>, Order Directing Immediate Release from Custody (ECF No. 216)), and the defendant has not demonstrated either that he has exhausted all administrative rights to appeal the failure of the

Bureau of Prisons to bring a motion on his behalf or that 30 days have lapsed from the receipt by the warden of the defendant's facility of such a request.

Second, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). The policy statement applicable to compassionate release is U.S.S.G. § 1B1.13. In pertinent part, it provides that "the court may reduce the term of imprisonment" if "the court determines that[ e]xtraordinary and compelling reasons warrant the reduction; . . . [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and[ t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (B)(2), and (B)(3).

> While there exists a dispute among district courts as to whether a court must still defer to the BOP's determination of what qualifies as an "extraordinary and compelling reason" to modify a sentence, a majority of district courts, including in this District, have found that courts may make that determination independently. See, e.g., United States v. Rivernider, No. 3:10-cr-222 (RNC), 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020) (collecting cases); [United States v. ]Lisi, [No. 15 Cr. 457 (KPF),] 2020 WL 881994, at *3 [(S.D.N.Y. Feb. 24, 2020)] (collecting cases). Yet, U.S.S.G. "§ 1B1.13's descriptions of 'extraordinary and compelling reasons' remain current," United States v. Ebbers, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020), and "[t]he standards for considering the

motion remain helpful as guidance to courts which hear these motions without the BOP as an intermediary," United States v. Zullo, No. 09 Cr. 0064-02 (GWC), 2019 WL 7562406, at *3 (D. Vt. Sept. 23, 2019).

United States v. Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *2 (D. Conn. Apr. 20, 2020).

In support of his position that there are extraordinary and compelling reasons to release him, the defendant highlights the fact that he is 55 years old. However, his age alone does not put him in any recognized category of individuals who are at high risk of complications should they contract COVID-19. The defendant also highlights that he has served 96 percent of his sentence and is eligible for transfer to a halfway house, and that his disciplinary record is unblemished and he is the "poster boy" for rehabilitation. However, reducing the defendant's sentence based solely on the defendant's rehabilitation would not be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. See U.S.S.G. § 1B1.13 cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

It is so ordered.

Signed this 4th day of May, 2020 at Hartford, Connecticut.

                                                /s/AWT
                                        Alvin W. Thompson
                                United States District Judge